IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TATIANA J. COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-00042-S (BT) |
| | § | |
| JOHN DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tatiana J. Cook filed this *pro se* civil action against 10 unknown defendants for alleged copyright infringement. *See generally* Compl. (ECF No. 3). Now, for the following reasons, the District Judge should DISMISS Cook's complaint.

**Legal Standards and Analysis**

The Federal Rules of Civil Procedure "do not provide any authority for the joining of fictitious defendants." *Taylor v. Federal Home Loan Bank Bd.,* 661 F.Supp. 1341, 1350 (N.D.Tex.1986). Federal Rule of Civil Procedure 10(a) provides in relevant part: "Caption; Names of Parties. Every pleading must have a caption. . .. The title of the complaint must name all of the parties." Fed. R. Civ. P. 10(a). "Plaintiffs, even those proceeding *in forma pauperis,* have a duty to provide information sufficient to identify the defendants." *King v. Forest,* 2008 WL 4951049, at *4 (N.D. Tex. Nov. 14, 2008).

Courts may raise the question of personal jurisdiction *sua sponte*. *Id.* (citing *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir.2001); *Frass v. S. Pac. Transp. Co.*, 810 F.Supp. 189, 190 (S.D.Miss.1993)). But when a court does so, "it should provide a reasonable opportunity for the plaintiff to answer the court's jurisdictional concerns." *Id.* (citing *Sys. Pipe & Supply, Inc.*, 242 F.3d at 325).

Here, the Court finds that Cook has failed to provide the Court with sufficient facts to show that it has jurisdiction over "John Does 1-10." Because the time allotted for objecting to these findings provides a reasonable opportunity for Cook to cure the jurisdictional defect, the District Judge should dismiss this action if Cook fails to properly identify the defendants before the District Judge accepts this recommendation. *See id.* (finding that unidentified defendants must be dismissed because courts lack personal jurisdiction over such defendants).

## Recommendation

Accordingly, the District Judge should DISMISS Tatiana J. Cook's complaint for lack of personal jurisdiction unless Cook properly identifies the defendants before the District Judge accepts this recommendation.

SO RECOMMENDED.

January 13, 2026.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).